# In the United States Court of Federal Claims

No. 13-236C
(Filed May 2, 2013)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                            *
KELLOGG BROWN & ROOT            *
SERVICES, INC.,                         *
                    Plaintiff,          *
                                            *
         v.                                 *
                                            *
THE UNITED STATES,              *
                                            *
                    Defendant,          *
                                            *
* * * * * * * * * * * * * * * * * * * * * * * *
```

## ORDER

In this pre-award bid protest, plaintiff filed its First Amended Complaint on April 25, 2013 --- twenty-one days after filing and serving the initial complaint, and six days after the government filed a motion to dismiss. The government moves to strike the First Amended Complaint, arguing that the expedited briefing schedule contained in the Scheduling Order of April 5, 2013, displaced Rule 15(a)(1)(A) of the Rules of the United States Court of Federal Claims ("RCFC")--- which normally permits the filing of an amended complaint within 21 days of the filing of the initial complaint. Def.'s Mot. to Strike at 2. Defendant contends that allowing such an amendment is particularly inappropriate in the context of a bid protest, as bid protests are generally handled on an expedited basis. *Id.* The government maintains that is prejudiced by the amendment, having already filed a motion to dismiss of some length. *Id.* at 3.

Opposing the motion, plaintiff observes that our court's rules clearly permit amendments "as a matter of course" within 21 days of the filing of a complaint. Pl.'s Opp'n at 1 (quoting RCFC 15(a)(1)). Plaintiff also notes that, rather than precluding the amending of complaints following the filing of a motion to dismiss, the court's rules expressly allow such amendments. *Id.* at 3 (citing RCFC 15(a)(1)(B)). Additionally, plaintiff argues that there was nothing in the April 5, 2013 order to suggest that RCFC 15(a)(1) was superseded by the adoption of a breifing schedule. *Id.*

The court agrees with plaintiff. Nothing in our court's rules or the case law suggests that the normal rule permitting amendments of pleadings is suspended when an expedited briefing schedule is adopted for a bid protest. Although the Court did not anticipate the filing of an amended complaint when it adopted the briefing schedule, it also did not intend to displace the normal rules governing amendments. Neither the need for an accelerated schedule nor the fact that a motion to dismiss has been filed can be said to prejudice defendant in any meaningful way. Defendant has offered no support for its contention that RCFC 15(a)(1)(A) should be disregarded in this case. The motion to strike is **DENIED**.

The filing of the amended complaint containing new allegations does, however, necessitate an adjustment to the briefing schedule. Defendant suggests that the best way to resolve this is to extend its time for filing a reply in support of its motion to dismiss by five days, and allow it to raise new issues in that filing. Def.'s Mot. to Strike at 1, 3-4. After carefully considering the matter, the Court concludes that a better approach would be to give the government *one week* from the date of this order in which to file a revised motion to dismiss, addressing the First Amended Complaint. Thus, the Court adopts the following expedited schedule:

1. The government shall file its revised motion to dismiss on or by **Thursday, May 9, 2013**;

2. plaintiff shall file its opposition on or by **Thursday, May 16, 2013**;

3. the government shall file its reply by **Thursday, May 23, 2013**; and

4. the hearing on defendant's motion to dismiss will be held at **1:30 p.m. EDT Thursday, May 30, 2013**. The hearing will take place by telephone, and chambers will initiate the call to counsel for each party.

The parties are encouraged to contact chambers if the need to adjust the above schedule arises. The Court would be willing to accelerate the schedule if the parties so desire. The government's motion to dismiss is moot and, accordingly is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

s/ Victor J. Wolski

**VICTOR J. WOLSKI**
Judge